IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DELLWAYNE PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:22-CV-299 (MTT) |
| | ) |
| Sergeant DUGGER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

United States Magistrate Judge Thomas Q. Langstaff recommends granting the defendant's motion to dismiss (Doc. 10). Doc. 18. Plaintiff Dellwayne Price did not respond to the defendant's motion.[1] *Id.* at 1. The Magistrate Judge concluded Price's Eighth Amendment claims should be dismissed because Price failed to exhaust his administrative remedies. *Id.* at 10.

Price alleges the defendant violated his Eighth Amendment rights when the defendant failed to intervene to protect Price from an assault by two inmates. Doc. 1 at 9-11. Price also claims the defendant was deliberately indifferent to his serious medical needs. *Id*. On April 11, 2022, Price filed a grievance about the alleged assault and failure to provide medical care. Doc. 10-2 at 26. The grievance was denied on July 15, 2022, and Price signed an acknowledgment of receipt of the denial on July 21, 2022.

---

[1] The day after the defendant moved to dismiss the Court sent Price a *Griffith* notice advising him of the significance of the defendant's motion. Doc. 11.

*Id*. at 31.  Price did not appeal the denial of the grievance but instead filed his complaint on August 8, 2022.  Docs. 10-2 at 5; 1 at 12.  Because the Georgia Department of Correction's grievance policy requires an inmate to file a central office appeal, Price failed to exhaust his administrative remedies.  Doc. 10-2 at 13.  Price alleged that he did not appeal his grievance because "prison officials fail[ed] to respond."  Doc. 1 at 4.  However, because Price could have filed an appeal of his grievance, regardless of the Warden's failure to respond, the Magistrate Judge concluded that Price's failure to exhaust was not related to the unavailability of administrative remedies.  Doc. 18 at 10.

Price does not object to the Recommendation.  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation for clear error.[2]  The Court finds none.  Therefore, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 18) is **ADOPTED** and made the Order of the Court.  Accordingly, the defendant's motion to dismiss (Doc. 10) is **GRANTED** and Price's complaint (Doc. 1) is **DISMISSED** without prejudice.

**SO ORDERED**, this 30th day of May, 2023.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT

---

[2] However, even if reviewed de novo, the result would be the same.